NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1019

HEB LOUISIANA INVESTMENTS, LLC, ET AL.

VERSUS

JULIUS JOSEPH GASPARD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2008-10982
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese,
Judges.

AFFIRMED.

Charles M. Rush
Attorney at Law
202 Magnate Drive
Lafayette, LA 70508
(337) 235-2425
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    HEB Louisiana Investments, LLC
    Betty Lois Leblanc Arceneaux

**Lamont P. Domingue**
**Voorhies & Labbé**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Julius Joseph Gaspard**

**DECUIR, Judge.**

Betty LeBlanc Arceneaux and HEB Louisiana Investments, L.L.C. ("HEB") filed a petition for rent and revenues and for an accounting against Julius Joseph Gaspard, the longtime apparent owner of a tract of land located in Acadia Parish and used as a trailer park. After considering the evidence presented, the trial court found HEB owned a fifty percent interest in the property and was entitled to a share in the revenues for the time period in which it has owned an interest. Dissatisfied with this result, Arceneaux and HEB lodged this appeal. For the following reasons, we affirm.

The record reveals the following facts. Arceneaux and Gaspard were married in 1951 and had five children. They divorced in 1969. Prior to the divorce, they attempted to settle their debts and divide their property fairly. Community debts consisted of loans from both of their fathers and a mortgage on the property at issue herein. On August 6, 1968, Arceneaux and Gaspard filed a joint suit for declaratory judgment in which they asserted the property was scheduled to be sold at public auction on the following day and the proceeds would be used to pay community debts. In her testimony in the present case, Arceneaux admitted the sale took place, and the property was purchased by Gaspard for a fair price.

For the next thirty-nine years, Arceneaux had nothing to do with the property, and Gaspard treated it as his own, managing the trailer park and making whatever improvements he saw fit. In 2007, Gaspard received an offer to purchase the property for $140,000.00. It was then discovered that no *proces verbal* had been recorded for the 1968 sheriff's sale. When Arceneaux was asked to sign corrective documents, she refused. Gaspard responded by filing a motion to amend the 1969 community property partition.

Gaspard's motion was ultimately denied, but in the meantime, Arceneaux sold any interest she may have, or will have, in the property to HEB, a company organized by two of the couple's five children. In an effort to resolve any further disputes, Arceneaux and Gaspard ratified the 1969 community property settlement. Gaspard then relinquished a 50% interest in the subject property to Arceneaux, with the understanding that it would go to their children through HEB. The parties also agreed that each of their five children would own a 20% share in HEB and that HEB would agree to sell the property.

Subsequent to this 2007 agreement, HEB sought to gather information about the subject property and half the rental income collected monthly by Gaspard. Ultimately, HEB, along with Arceneaux, filed this petition for rent, revenues, and an accounting. The trial court heard testimony and determined that HEB became the owner of a 50% interest in the property in 2007 and is therefore entitled to 50% of all revenues generated by the property, minus any expenses incurred by Gaspard in managing the trailer park. The trial court awarded HEB half of forty-one months of rental income at $690.00 per month beginning in 2007, minus $1,825.00 in expenses. In this appeal, Arceneaux contends that she is owed rental income from the time of her divorce in 1969 up to the time she transferred her interest in the property to HEB in 2007.

Our review of the record reveals no error in the decision rendered by the trial court. The court determined that the parties divided their property in 1968, and Gaspard made an equalizing payment to Arceneaux at that time. While the public records do not accurately reflect that transaction, the testimony and evidence presented to the trial court support the finding that the parties agreed Gaspard would buy out Arceneaux's share in the subject property. As between the parties, this agreement was valid and enforceable, and the trial court found Arceneaux had

no ownership interest in the property from 1968 through 2007. In a colloquy between the bench and counsel, the trial court pointed out that Arceneaux's belief that she owns an interest may have some merit if this were a case involving a third party's reliance on the public records, but in the case of an agreement between the former spouses who owned the property as part of the community, the public records are immaterial.

The record also shows the parties intended to transfer a portion of the property to their children in 2007. In July of 2007, Arceneaux sold her interest to HEB for the price of $1.00. Then, in August of 2007, the trial court issued a judgment stating that Arceneaux and Gaspard each owned a 50% undivided interest in the property. At the same time, HEB, which acquired Arceneaux's share through after-acquired title, was ordered "to agree to sell said property." This 2007 judgment was issued to reflect a settlement reached by the parties after Gaspard's motion to amend the 1969 community property partition was denied. The trial court, after hearing testimony, characterized the 2007 proceedings as follows: "But, in 2007, Mr.Gaspard voluntarily agreed to give half of it, which he did. So I'm denying the motion for a directed verdict on the issue of the accounting from 2007 forward, because he voluntarily agreed, at that point, to transfer to her so that her transfer to HEB would be a valid transfer." The court then awarded rental payments to HEB from 2007 forward.

We find no error in the judgment rendered by the trial court. Costs of this appeal are assessed to Arceneaux and HEB.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.